HERDIC v. MARYLAND CASUALTY CO.

(Circuit Court of Appeals, Third Circuit. December 3, 1906.)

No. 22.

INSURANCE—ACCIDENT POLICY—CONSTRUCTION.

An accident policy recited that it insured against bodily injuries sustained through external, violent, and accidental means, and in a subsequent clause provided that it did not cover death from disability resulting from mineral, animal, vegetable, gaseous, or any other kind of poison, but, subject to its conditions, covered death or disability resulting from

septicæmia, etc. *Held*, that the policy did not cover death from septicæmia ensuing from a surgical operation for appendicitis.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1175.]

Buffington, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Middle District of Pennsylvania.

For opinion below, see 146 Fed. 396.

Seth T. McCormick, for plaintiff in error.

C. E. Sprout and John E. Cupp, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. The Circuit Court sustained the demurrer of the defendant in that court (and here) to the statement of claim of the plaintiff below, wherein she alleged that the defendant, on the application of Carl Herdic (her husband), had issued a policy of insurance, made part of her statement, by which, as she averred, the defendant "did insure Carl Herdic in the sum of $5,000 against death resulting from septicæmia"; and the question was, and is, whether the policy sued on did insure against death resulting from septicæmia not caused by "accidental means," but ensuing upon a surgical operation for appendicitis.

The policy is an accident policy, and Carl Herdic could not have conceived it to be anything else. The company he applied to was a "casualty company." His application was for an "accident policy," and the policy itself was so designated, both on its face and by indorsement. Presumably such a policy would be intended, and understood, to insure against bodily injuries through accidental means, not against death from disease; and accordingly we find at the outset of this one, and in what may be called its cardinal clause, the statement that the company issuing it did thereby insure against "bodily injuries * * * sustained * * * through external, violent and accidental means." This language, of course, is not inclusive of death from septicæmia, when not resulting from accident; and in our opinion the subsequent clause upon which the plaintiff in error relies should be construed in harmony with it, and with the general character of the entire instrument as a policy of accident, and not of life, insurance. That subsequent clause is:

"(4) This policy does not cover death nor disability resulting from mineral, animal, vegetable, gaseous, or any other kind of poisoning, except as hereinafter stated; but, subject to its conditions, covers death or disability resulting from septicæmia, freezing, sun stroke, drowning, hydrophobia, choking in swallowing, and death only, as the result of an anesthetic, while actually undergoing a surgical operation at the hands of a duly qualified regular physician."

This clause is not to be so interpreted (in the event of death from septicæmia) as to render inoperative the previously expressed and broadly characterizing limitation of the entire insurance to bodily injuries sustained "through external, violent and accidental means." It was not designed to transform the policy from an accident one into one of restricted life insurance; and we do not believe that Mr. Herdic was, or could have been, misled into supposing that it had that effect.

This, however, has been so satisfactorily shown by the learned judge of the court below as to render any more extended discussion of the subject by us unnecessary. See Herdic v. Maryland Casualty Company (C. C.) 146 Fed. 396.

The judgment is affirmed.

BUFFINGTON, Circuit Judge, dissents.